UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FELISIA ADAMS, | ) No. CV 09-03571-VBK |
| | ) |
| Plaintiff, | ) MEMORANDUM OPINION |
| | ) AND ORDER |
| v. | ) |
| | ) (Social Security Case) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

```
                considered the treating psychiatrist's opinion;
     2.    Whether the ALJ properly considered the severity of
           Plaintiff's mental impairment and properly rated the
           Plaintiff's mental impairment;
     3.    Whether the ALJ posed a complete hypothetical question to
           the vocational expert; and
     4.    Whether the ALJ properly held that the Plaintiff can perform
           the job of home health aide.
(JS at 2-3.)
```

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ PROPERLY EVALUATED PLAINTIFF'S MENTAL CONDITION, AND POSED A COMPLETE QUESTION TO THE VOCATIONAL EXPERT**

The Court will address Plaintiff's first three issues concurrently. Each issue is premised on the argument that the ALJ failed to properly consider the nature and extent of Plaintiff's mental impairment. In particular, Plaintiff's first issue asserts that the ALJ failed to properly consider a "treating psychiatrist's" opinion. The second issue asserts, generally, that the ALJ failed to consider the severity of her mental impairment, while the third issue argues that the ALJ failed to pose a complete hypothetical question to the vocational expert ("VE").

With regard to Plaintiff's first issue, she asserts that the ALJ failed to consider a "treating psychiatrist's" opinion of January 20,

2006. (See AR at 206-207.)  Although there are some observations in that document concerning Plaintiff's mental status, and her subjective complaints, the document was not authored by a psychiatrist or other appropriate medical source competent to opine on mental impairments. These notes were apparently prepared by Angelina Casas, identified under the heading "Consultant." (AR 206.)  The Commissioner is correct that any opinions expressed in these documents do not qualify as medical source opinions.  See 20 C.F.R. §§404.1527(a)(2), 416.927(a)(2)(2009) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of their impairment(s), ..."). Further, only "medical opinions" as defined in that regulation are entitled to controlling weight. (See Social Security Ruling ["SSR"] 96-2p.)

In any event, as the Commissioner again correctly notes, the treatment note of January 20, 2006 predates by approximately 18 months the onset date of disability of May 31, 2007 set forth in Plaintiff's Application for disability insurance benefits. (AR 108.)  As such, and particularly in view of the fact that there is no longitudinal evidence in the record that Plaintiff received any diagnosis or treatment for her asserted mental impairment, the comments of Ms. Casas carry no weight.  See Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003); Burkhart v. Bowen, 856 F.2d 1335, 1339 n.1 (9th Cir. 1988).

Finally, Plaintiff points to a Global Assessment of Functioning ("GAF") rating of 55 contained in Ms. Casas' notes.  There is no indication of what kind of testing led to that conclusion, or if any testing was done, whether it was performed by competent professionals.

3

In any case, and as this Court has often noted, the GAF scale is intended to reflect a person's overall level of functioning at or about the time of the examination, not for a period of at least 12 consecutive months, which is required for a finding of impairment or disability. (See 20 C.F.R. §§416.905, 416.920(c)(2006).)

GAF scores are intended to be used for clinical diagnosis and treatment, and do not directly correlate to the severity assessment set forth in Social Security regulations. (See Revised Medical Criteria for Evaluating Mental Disorders and Traumatic Brain Injury, 65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000), and American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders, Text Revision 33 (4th Ed. 2000).

Consequently, as to Plaintiff's first issue, the Court finds no error in the ALJ's failure to address Ms. Casas' notes. Concerning the second issue, the result is the same, because Plaintiff again asserts error for the same reason as in her first issue. Finally, concerning the third issue, the result is the same, because Plaintiff's assertion that the ALJ omitted pertinent information as to her mental impairments relies upon the same arguments as she previously set forth in her first two issues, which the Court has repudiated. Consequently, there is no error with regard to asserted inadequacy or incompleteness of the hypothetical question posed to the VE. In any event, as the Commissioner notes, since it was found by the ALJ that Plaintiff can do her past relevant work, there was no necessity for testimony by a VE. See Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996).

//

//

**II**

**THE ALJ DID NOT ERR IN FINDING THAT PLAINTIFF**

**CAN PERFORM THE JOB OF HOME HEALTH AIDE**

The ALJ found that Plaintiff is restricted from operating a motor vehicle. (AR 15.) Plaintiff contends that in determining that she is capable of working as a home health aide, the ALJ deviated from the requirements of the position as set forth in the Dictionary of Occupational Titles ("DOT"). (JS at 13, et seq.) Plaintiff's argument, however, is misplaced. In fact, there is no such requirement (e.g., ability to drive a vehicle) for this position set forth in the DOT. Plaintiff asserts no challenge to the qualifications of the VE, who opined that she could perform this job given her residual functional capacity. (AR 61-63.) As such, Plaintiff's argument has no merit and must be dismissed.

The decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: January 20, 2010              /s/
                                     VICTOR B. KENTON
                                     UNITED STATES MAGISTRATE JUDGE